# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| SADIE STEVENS, A MINOR BY MARK AND NATALIE STEVENS, HER GAURDIANS AND NEXT OF FRIEND, *et al.* | : Case No.: 12-CV-429 : : Magistrate Judge Bowman |
| Plaintiffs, | : |
| v. | : |
| GRACO CHILDREN'S PRODUCTS INC., *et al.*, | : |
| Defendants. | : |

## AGREED PROTECTIVE ORDER

This Matter, having come before the Court on the agreement of the parties; it further appearing that documents produced - or which may be later produced - purportedly constitute trade secret and/or other confidential research, development, competitive or commercial information as such terms may be defined and used under the laws of the State of Ohio; and it further appearing that judicial economy will be served by entering of this Order.

IT IS HEREBY ORDERED THAT:

1.  This Order shall govern documents and other material or information ("Litigation Materials") produced, formally or informally, in the course of litigation, including but not limited to documents, data, things, information, deposition testimony and answers to discovery.

2.  As used in this Order, "Confidential Material" shall refer to any document or other Litigation Materials, or any portion thereof, designated as confidential, as well as information contained in or derived from such documents or other Litigation Materials.

3. Any party may designate (the "Designating Party") any Litigation Materials as confidential by placing or affixing thereon in such manner as will not interfere with the reasonable legibility thereof the following, or otherwise appropriate, notice: "Confidential Material subject to Protective Order entered in Stevens v. Graco Children's Products Inc., et al., Case No.: 12-CV-429, United States District Court for the Southern District of Ohio." Such designation shall be made in good faith and constitute a representation by the Designating Party that it has a reasonable basis to believe that the material so designated is appropriate for the protection provided in this Order and that it is entitled to claim such protection for the material.

4. The parties expressly agree that materials previously marked with the designation "Confidential Material subject to Protective Order entered in Stevens v. Graco Children's Products Inc., et al., Case No.: CV 2009 12 5393, Butler Common Pleas Court, Civil Division, Butler County, Ohio" shall also be subject to this protective order.

5. Confidential Material and any copy thereof and any notes or summaries made therefrom shall not be used by any party receiving it, including such party's attorney or other representatives including expert witnesses, for any purpose other than the litigation of this action.

6. All Confidential Material received by an attorney shall be controlled and properly secured by that attorney to prevent unauthorized access to, or reproduction of, the Confidential Material.

7. Confidential material and any copies thereof, and notes or excerpts made therefrom, shall be disclosed only to "Qualified Persons," and only to the extent necessary for the litigation of this action. Qualified Persons are limited to:

  (a) Counsel of record for the parties and the parties themselves;

  (b) The non-technical and clerical staff employed by Counsel of record;

(c) The independent personnel retained by Counsel of record to furnish technical or other expert services or advice or to give expert testimony;

(d) Court reporters and deposition transcript reporters; and

(e) The Court and its authorized staff.

8. In addition, the attorney disclosing the Confidential Material shall take all necessary steps to ensure that all persons receiving Confidential Material (a) maintain such material in a protected and secure manner, with access restricted at all times to Qualified Persons and (b) abide by the terms of this Protective Order.

9. Before any person, other than counsel of record and counsel's employees, receives or reviews documents, information, or materials designated as "confidential" by another party, he or she shall be provided with a copy of this Protective Order and shall agree in writing to be bound by its terms by executing a copy of the attached "Acknowledgment." Executors of said Acknowledgment shall be vicariously responsible for any violation of this Protective Order effected by any person who has received or reviewed information from the executor that was designated by another party as "confidential," *and* who has not executed a copy of the attached "Acknowledgment." The Acknowledgment for an expert or consultant shall initially be held by counsel for the parties receiving confidential information and promptly released to counsel for the designating parties when such expert or consultant is disclosed, receives confidential information if he or she is already disclosed, or at the end of the case, whichever comes first. Counsel for the respective parties shall also maintain a list of each and every person to whom they have disclosed material subject to this Protective Order, with such list available for production to the Court upon an appropriate Order. Counsel of record and counsel's employees

need not execute such an Acknowledgment, but are deemed subject to the provisions of this Order by virtue of its entry.

10. Except as expressly provided in Paragraph 7 above, should any party desire to disclose Confidential Material to anyone in addition to Qualified Persons, such party shall provide the Designating Party fourteen (14) days prior written notice of the intent to disclose Confidential Material to such additional person(s), which notice shall state the name and address of the additional person(s) and the reason(s) review by such additional person(s) is desired. If the Designating Party objects in writing to such disclosure within that fourteen (14) day period, then such Confidential Material will not be disclosed unless and until this Court overrules the Designating Party's objection.

11. If Confidential Material is utilized or referred to during depositions, any party may request and require that only Qualified Persons, the deponent and the reporter shall be present. A party shall, either at the deposition itself, or within fourteen days (14) after actual receipt of the transcript thereof, notify all other parties and the deponent on the record or in writing, that the information is confidential and shall designate the portions thereof for which such claim is made. The portions thereof, including exhibits, for which confidentiality is claimed shall be bound separately under seal and prominently marked "Confidential Material subject to Protective Order entered in Stevens v. Graco Children's Products Inc., et al., Case No.: 12-CV-429, United States District Court for the Southern District of Ohio." Any and all computer-readable versions of the deposition or portions thereof shall also be so marked. If notification of confidentiality is made other than at the deposition itself, the court reporter shall upon request provide any party with a list of persons to whom transcripts and/or exhibits have already been sent, and all parties shall cooperate in ensuring that all originals or copies of such

transcripts or exhibits, including those in computer-readable form, are appropriately marked and separately bound. The court reporter shall be advised to limit the distribution of the confidential portion(s) of the transcripts and exhibits to specified Counsel and to the deponent or his or her attorney. The deponent shall be instructed in advance that he or she may not disclose Confidential Material or the information contained therein.

12. Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court, but only to the extent reasonably necessary for the litigation of this action and provided that such documents shall be filed with the Clerk of Court under seal and prominently marked "Confidential Material subject to Protective Order entered in Stevens v. Graco Children's Products Inc., et al., Case No.: 12-CV-429, United States District Court for the Southern District of Ohio."

13. If Plaintiffs disagree with a claim of confidentiality, Plaintiffs shall notify Defendant in writing of the specific documents, identified by Bates number, that are being contested. If the dispute cannot be resolved by agreement, such Confidential material shall be kept confidential until Defendant applies to this Court for an Order making a determination regarding the designated documents being challenged. Such applications must be made within 30 days from the date Plaintiffs make their written objection. The information shall be kept confidential pending a ruling by this Court and the conclusion of any and all proceedings and appeals challenging such ruling. The Defendant bears the burden of proving confidentiality.

14. This Protective Order shall survive the termination of this action. All Confidential Material shall retain that designation and shall remain subject to this Protective Order until such time, if ever, as the Court renders a decision that any challenged material shall

not be covered by the terms of this Protective Order and any and all proceedings and appeals challenging such decision shall have been concluded.

15. Upon final termination of this action, all Confidential Material, including each copy thereof, and each document and copy thereof that incorporates or references, in whole or in part, any Confidential Material or information contained therein, including but not limited to notes or summaries concerning or pertaining to such Confidential Material, shall at the option of the recipient of the Confidential Materials be either destroyed or returned to the Designating Party not later than fourteen (14) days after the ultimate disposition of this case. The recipient party shall then provide an affidavit affirming that at all times the party has abided by the terms of this Protective Order, that all Confidential Material in the affiant's custody or control, and all Confidential Material that affiant disclosed to Qualified Persons or to others, has been retrieved and returned to the Designating Party, or has been destroyed.

SO ORDERED, this 23rd day of August, 2012

*Stephanie A. Bowman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SADIE STEVENS, A MINOR BY MARK AND NATALIE STEVENS, HER GAURDIANS AND NEXT OF FRIEND, *et al.* | : Case No.: 12-CV-429 : : Magistrate Judge Bowman : |
| Plaintiffs, | : : |
| v. | : : |
| GRACO CHILDREN'S PRODUCTS INC., *et al.*, | : : : |
| Defendants. | : |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read the Protective Order entered on _____, in connection with the above-captioned complaint, and that I am familiar with its terms.

The undersigned further acknowledges that he or she fully understands the provisions of the Protective Order, agrees to be bound by those provisions, consents to the jurisdiction of the State of Ohio over his or her person, and has been apprised of the penalties attendant upon a violation of any of said provisions, including the possibility of penalties being imposed as a result of being held in contempt of court for violating the Protective Order, and any other damages causally related to said violation.

Dated: _____

_____
(signature)

_____
(print name)

CH2\11688253.1

CINLibrary 0103741 0572818 2563870vv1

